Curia, per

Evans, J.
The general rule is, that he who enters by the permission of the owner of the land, cannot acquire a title under the Statute of Limitations so long as the relation between the parties remains unchanged. It is not disputed that he who enters under a contract to purchase, where it is understood that the seller is not bound to make the title until the purchase money is paid, is but a tenant at will until he performs the condition ; but whenever he has paid the price, the relation between them is changed, and from thence forward, at least, the tenant holds in his own right. So also, if the purchase money be paid at or before the commencement of the possession, there would bo no pretence to regard the tenant as not holding in his own right. It appears from the evidence that Ellison, the vendor, said, in 1830, that several years before that time he had sold the land, by parol, to Barkley; that Barkley owed him for the land and some fodder, and he owed Barkley a store account, and he did not suppose there was much difference between them, but he intended to have a settlement with him, and to draw writings. On reference to Barkley’s books, it appeared that as far back as 1819, a store account of Ellison’s stood open to an amount greater than the price of the land. No other construction can *well be placed on these declarations, but that the account, which was probably due at the time the land was sold, was to be accepted as a payment on account of the land ; and if the money be paid, it must be wholly immaterial how the fact is established. Possession and the payment of the purchase money, is a good equitable title ; and a possession of ten years, under such a title, is good under the Statute of Limitations.(a) The Circuit Judge seemed to have entertained the opinion that until there had been a settlement between the parties, by which their mutual accounts had been balanced and extinguished, the statute would not commence to run. In the view which I take of the case, a settlement of their mutual accounts was wholly immaterial. If the debt was paid, it was sufficient, provided *6 satisfactory evidence of the fact was produced. Some of the authorities go so far as to say, that whenever the debt is extinguished, even if it be by the Statute of Limitations, the possession becomes adverse ; and of this there can be no doubt, where the payment of the purchase money is not a condition precedent. In the particular above stated, I think there was error in the charge of the Circuit Judge, and the motion is therefore granted.
Clarke and McDowell, for the motion. Woodward, contra.
Gantt, Richardson, O’Neall, Butler, JJ., concurred.

 See Bank vs. Smyers, 2 Strob. 28. Kimbrell vs. Walker, 7 Rich. 429. Sumner vs. Murphy, 2 Hill, 488. An.